# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHERYL ANN THYNE,

      Plaintiff,  :  Case No. 3:09-cv-377

                                  District Judge Thomas M. Rose
  -vs-                           Magistrate Judge Michael R. Merz

                                  :

GMAC MORTGAGE CORP., et al.,

      Defendants.

## ORDER

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good

intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The Complaint in this case is very prolix; it contains, for example, purported copies of parts of statutes and oaths.  It purports to state claims for relief against three corporate Defendants for their involvement in one or more mortgage transactions involving Plaintiff's residence.  On its face the Complaint does not appear to be frivolous or malicious or to seek monetary damages from a person, such as a public official, who is immune from liability.  The Court cannot determine from the face of the Complaint whether it fails to state any claim for relief against any of the three corporate Defendants.  Rather than attempt to guess at the relationship Defendants may have with the Plaintiff and make a recommendation on that basis, the Court determines, pursuant to 28 U.S.C. § 1915, that the proper course is to allow process to issue and thereby require Defendants to explain to the Court what they believe that relationship is and whether Plaintiff is entitled to relief under any of the claims she makes.

Accordingly, it is hereby ORDERED:

1. If and when presented with properly prepared summonses, the Clerk shall issue same as to the corporate Defendants;

2. When presented with issued summonses and properly completed Form 185's the Marshal shall serve process in this case.

October 3, 2009.

                  s/ **Michael R. Merz**
                  United States Magistrate Judge