# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHERYL ANN THYNE,

      Plaintiff,   :   Case No. 3:09-cv-377

                                            District Judge Thomas M. Rose
    -vs-                            Magistrate Judge Michael R. Merz

                                :

GMAC MORTGAGE CORP., et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 6).

The Motion is said to be made *ex parte*, although there is an attached certificate of service which states, without giving details, that Plaintiff served all other parties by regular mail on the date of filing.

As relief, Plaintiff seeks to enjoin Defendants GMAC Mortgage Corporation, US Bank, N.A., MERS, and the 250 unnamed John Doe Defendants "from foreclosing, conducting any sales, transfers, assignments, and recordings of transactions of Plaintiff's property located at 6921 Homestretch Road, Dayton, Ohio 45414." Plaintiff asserts that the named Defendants, through counsel, are "seeking to institute a foreclosure, to take possession, custody, and control of the property and ultimately remove the Plaintiff's [sic] from their home without due process." Plaintiff indicates that an eviction is "set for less than five (20) [sic] calendar days (which include a Saturday and Sunday) from the date of the filing of this Complaint [sic]" to wit, for December 4, 2009.

Plaintiff provides no detail of any pending foreclosure action involving the property.

Independent investigation of the public records of the Montgomery County Common Pleas Court reveals that that court has pending Case No. 2008 CV 09882 captioned US Bank N.A. v. Cheryl A. Thyne, a foreclosure action relating to the property. In the absence of any contrary information from the Plaintiff, the Court assumes this is the case to which she is referring.

Plaintiff filed the instant case on October 2, 2009. On October 5, 2009, the Court granted her leave to proceed *in forma pauperis* and provided for service of process by the United States Marshal when summonses and Marshal 185 forms were presented. Despite this, process was not requested by Plaintiff and issued by the Clerk until November 16, 2009, and service has yet been made. Given these facts, the Court finds Plaintiff has not complied with Fed. R. Civ. P. 65(b)(1)(B). Accordingly, the Court should deny Plaintiff's request for an *ex parte* temporary restraining order.

The factors to be considered in determining whether to issue a preliminary injunction are

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

Before the Court could even consider the motion for preliminary injunction on the merits, however, it would have to determine that it had subject matter jurisdiction. Plaintiff claims that she is about to be deprived of her property without due process, but it appears the deprivation is to be accomplished by way of legal process from the Montgomery County Common Pleas Court. To

grant the injunction, then, would be to prevent that court's orders from being carried out. However, 28 U.S.C. § 2283 expressly prohibits federal courts from enjoining proceedings in a state court. Unless Plaintiff can demonstrate some exception to that statute, which she has not attempted to do, the Court would not have authority to enjoin the foreclosure action and any subsequent eviction.

Accordingly the motion for preliminary injunction should also be denied.

December 1, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).