# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHERYL ANN THYNE,

      Plaintiff,      :      Case No. 3:09-cv-377

   -vs-      Magistrate Judge Michael R. Merz

:

GMAC MORTGAGE CORP., et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 45). Plaintiff has timely opposed the Motion (Doc. No. 48) and filed her own second Motion for Summary Judgment (Doc. No. 49). Although a motion for summary judgment is dispositive within the meaning of 28 U.S.C. § 636(b), the parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis (Doc. No. 27).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States*

*v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

Defendants assert that the relief Plaintiff seeks – an injunction against enforcement of the judgment in the foreclosure action brought against her in Montgomery County Common Pleas Court Case No. 2008 CV 09882 – is barred either by the *Rooker-Feldman* doctrine or by *res judicata*.

3

When a constitutional claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc.*, 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."

In *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), a unanimous Supreme Court decided that *Rooker-Feldman* should not be expanded to a case where there was parallel state and federal litigation, but the state court reached judgment first. Rather, ordinary preclusion doctrine under 28 U.S.C. §1738 would control. The Sixth Circuit explains in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir., 2006), that for *Rooker-Feldman* to apply, in light of *Exxon Mobile*, the harm to plaintiff must flow from the state court judgment, not from actions of others in obtaining that judgment. *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006)(*Rooker-Feldman* does not apply where harm flows not from the state court judgment, but from filing a false affidavit in the state court proceeding.)For example, it does not preclude a claim

4

that the state court judgment was procured by fraud. *Brown v. First Nationwide Mortg. Corp.,* 2006 U.S. App. LEXIS 28077 (6th Cir. 2006).

Plaintiff's response does not speak directly to the *Rooker-Feldman* argument. Instead, she asserts that by virtue of the Eleventh Amendment, the state court had no jurisdiction in her case. However, the Eleventh Amendment is in no way a limitation on state court jurisdiction. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 2d 840 (1890); *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1945); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). However, the Amendment says nothing about the power of state courts.

Plaintiff appears to be arguing that because she is a real person and the Defendants are corporations and thereby fictitious persons, somehow the state courts did not have jurisdiction. As Plaintiff puts it "The plaintiff is a citizen of the Ohio republic. Superior courts/administrative courts are for actions involving corporations only." This Court has no idea what Plaintiff means by these statements. The Ohio Common Pleas courts are superior courts open to both natural and fictitious

5

persons. They unquestionably have jurisdiction in foreclosure cases. Plaintiff cites the diversity jurisdiction of this Court under 28 U.S.C. § 1332, but diversity jurisdiction does not defeat the bar of *Rooker-Feldman*.

The Court concludes, based on the *Rooker-Feldman* doctrine, that it does not have jurisdiction to consider Plaintiff's claims relating to the judgment rendered by the Common Pleas Court.

In the alternative, Plaintiff's claims are barred by *res judicata*. That is, every claim she makes in this case she made or could have made in the foreclosure case to prevent judgment against her. Despite that, the Common Pleas Court has rendered a final judgment which has preclusive effect.

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State. 28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985); *Migra v. Warren City School District Board of Edn.*, 465 U.S. 75 (1984); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989). Federal courts are not authorized to recognize exceptions to §1738 to allow a federal forum for federal claims generally. *San Remo Hotel, L.P., v. City of San Francisco*, 545 U.S. 323 (2005). Under Ohio law:

> A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.

*Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 653 N.E. 2d 226 (1995), syllabus. (1 Restatement of the Law 2d, Judgments (1982), §§24-25, approved and adopted.)

This Court has recognized that the relevant Ohio claim preclusion doctrine is set forth in *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 653 N.E. 2d 226 (1995):

> In Ohio, a party seeking to invoke the doctrine of *res judicata* must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction;(2) a second action involving the same parties or their privies, as the first;(3) a second action raising claims that were or could have been litigated in the first action; and(4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ater v. Follrod,* 238 F. Supp. 2d 928, 937 (S.D. Ohio 2002)(Holschuh, J.), quoting *In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999)(construing Ohio law).

Plaintiff has not brought to this Court's attention any facts about the foreclosure action in Judge Wagner's court which would prevent another Ohio court from giving that judgment full preclusive effect. That being the case, this Court is bound to give it the same effect. 28 U.S.C. § 1738.

In her own Motion for Summary Judgment, Plaintiff again attacks the Common Pleas Court judgment, making it even more clear that her case is barred by *Rooker-Feldman*. If she believes the Common Pleas judgment was obtained by fraud on that court, her remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(b), not by way of a collateral attack on that court's judgment.

Based on the foregoing analysis, the Court concludes there are no genuine issues of material fact. Defendants summary judgment motion is granted and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction under *Rooker-Feldman* doctrine. Plaintiff's motion for summary judgment is denied.

August 3, 2010.

                                                            s/ **Michael R. Merz**
                                                         United States Magistrate Judge